# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISABLED MILITARY VETERAN STUDENTS OF CHULA VISTA ADULT SCHOOL,<br><br>Plaintiff,<br><br>v.<br><br>CHULA VISTA ADULT SCHOOL, et al.,<br><br>Defendants. | Case No.: 17cv2477-MMA (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

On December 11, 2017, Plaintiff Disabled Military Veteran Students of Chula Vista Adult School ("Plaintiff") filed this action against Chula Vista Adult School, Wes Braddock, Athena Matos, Ryan Burke, and Kevin Patrick, alleging violations of "Code of Federal Regulations Section 21 45253(d)(1) and section 21.4254(b)." Doc. No. 1 at 3. Plaintiff seeks a "TEMPORARY INJUNCTION of enrollment for Veteran Students of [Chula Vista Adult School] for FALL 2018 from December 13 to January 1, 2018 until all parties are heard and court decisions are made." *Id.* at 6 (emphasis in original). Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). *See* Doc. No. 2.

All parties instituting any civil action, suit or proceeding in a district court of the

-1-  17cv2477-MMA (BGS)

United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

As an initial matter, Plaintiff is not an individual; rather, the Complaint indicates that Plaintiff Disabled Military Veteran Students of Chula Vista Adult School is incorporated under the laws of California, and has its principal place of business in Chula Vista.[2] Doc. No. 1 at 3. Plaintiff's status as a corporation, and its subsequent request to proceed IFP, is problematic for two reasons. First, the statute authorizing the commencement of an action without the prepayment of fees, 28 U.S.C. § 1915, extends only to individuals, and not to artificial entities. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). Because Plaintiff is a

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court. Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] It is unclear whether Plaintiff is in fact a corporation. A search on the California Secretary of State's website for the corporation yielded no results. *See* https://businesssearch.sos.ca.gov/.

corporation, it is not permitted to proceed IFP.

Second, Mr. Benjamin Tacderas, an individual, filled out the instant application to proceed IFP, using figures based upon his personal finances. *See* Doc. No. 2. It is unclear whether Mr. Tacderas intends to represent the corporation. Although "parties may plead and conduct their own cases personally," *see* 28 U.S.C. § 1654, "the right to proceed pro se in civil cases is a personal right" and a person appearing pro se cannot represent others because doing so constitutes the unauthorized practice of law. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 (2d Cir. 1991) ("Corporations and partnerships . . . are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation."). Thus, to the extent Mr. Tacderas intends to represent the corporation, he is prohibited from doing so, unless he is a licensed attorney.

Accordingly, the Court **DENIES** Plaintiff's request to proceed IFP and **DISMISSES** the case **without prejudice**. To have the case reopened, Plaintiff must, no later than **January 12, 2018**, either: (a) procure licensed legal representation and pay the $400 filing fee; or (b) file a complaint as an individual and file a renewed motion for IFP. Plaintiff's motion for a TRO contained in the body of the Complaint is terminated as **MOOT**. Any future request for injunctive relief must be made as a separate motion in accordance with the Undersigned's Civil Chambers Rules.

**IT IS SO ORDERED.**

Dated: December 12, 2017

HON. MICHAEL M. ANELLO
United States District Judge